UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS K. BRASHEAR,<br><br>  Plaintiff,<br><br>  v.<br><br>FOULK, et al.,<br><br>  Defendants. | No. 2:14-cv-2133 CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. On October 14, 2014, plaintiff's complaint was dismissed with leave to amend. Plaintiff has now filed an amended complaint. Plaintiff has consented to have all matters in this action before a United States Magistrate Judge. 28 U.S.C. § 636(c).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his amended complaint, plaintiff alleges that he witnessed the homicide of another inmate on December 10, 2011 at Folsom State prison, he was assaulted by two inmates on February 8, 2012, and that he was transferred to High Desert State Prison on Aril 22, 2013 "to cover up the . . . incidents."  These vague allegations do not amount to an actionable claim for "cruel and unusual punishment" under the Eighth Amendment or a claim under any other federal law.  Accordingly, plaintiff's amended complaint will be dismissed.  Because the court already informed plaintiff of the vague nature of his allegations and granted him leave to provide more details, granting plaintiff leave to amend a second time is futile.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. The Clerk of the Court is directed to close this case.

Dated:  November 12, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

[1] bras2133.3